Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 60932.**—Accurate Millinery Co. et al. *v.* United States, protests 285541–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. A. P. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 60933.**—Pollak Industrial Corp. *v.* United States, protests 295652–K, 305954–K, and 305988–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiff was sustained.

**No. 60934.**—Louis Weinberg Associates, Inc. *v.* United States, protests 301987–K, 301988–K, and 303924–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiff was sustained.

**No. 60935.**—A. D. Cohen Co., Inc. *v.* United States, protest 302778–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JUNE 26, 1957

**No. 60936.**—Border Brokerage Company *v.* United States, protests 282319–K, 295378–K, and 279719–K (Seattle).

JOHNSON, Judge: These cases, consolidated at the trial, involve a number of claims, including a claim that the liquidation is invalid and void and should be set aside so that the collector can give notice of appraisement, as required by section 501 of the Tariff Act of 1930, as amended.

At the trial, counsel submitted these cases on the following stipulation:

MR. TUTTLE: Each of these protests contained claims as to rates of duty but also as originally filed or by virtue of an amendment granted yesterday, each has this claim: the liquidation is invalid and void and should be set aside so that the collector can give notice of appraisement as required by section 501 of the Tariff Act and it is that claim that we place reliance on this morning.

In regard to the facts, I offer to stipulate with Government counsel that by his appraisement, the appraiser increased the entered values of some of the merchandise covered by each of the involved entries with the exception of entry 24455 [*sic*] [1], October 18, 1954, which is one of those covered by Protest 299719–K [2] and further in the stipulation, that the collector did not give notice to the importer or his agent of the increase of values made by the appraiser but in lieu, proceeded to liquidate the entries.

MISS STRUM: I have discussed these facts in these 3 cases with the appraiser, Mr. Birks and Deputy Collector, Mr. Ogdon and Acting Deputy Collector Clarence Dolgner at this port and they advise me that the facts as recited by Mr. Tuttle are correct. The Government therefore so stipulates.

JUDGE WILSON: Let the record show the stipulation.

MR. TUTTLE: We rest.

MISS STRUM: The Government rests.

---

[1] This is evidently in error. The entry number is 2455.
[2] This is in error. The protest number is 279719–K.